IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON ROSE,                                )<br>                                                  )<br>          Plaintiff,                          )<br>                                                  )<br>vs.                                              )          CIVIL NO. 03-787-DRH<br>                                                  )<br>DONALD N. SNYDER, JR., JONATHAN )<br>R. WALLS, TOM MAUE, STEPHEN L. )<br>JINES, BILLY J. CONWAY, C. HOSKIN, )<br>MARK S. COLVIS, ROBERT J. )<br>SIZEMORE, JEFFREY A. JAENKE, )<br>DOUGLAS W. CAMPBELL, MINH T. )<br>SCOTT, KAY A. SURMAN, ANDREW )<br>WILSON, ROBERT A. BIGAS, MAVIS )<br>GROSS, DONNA EBERS, JAMISON L. )<br>FRAZIER, and WILLIAM SPILLER, )<br>                                                  )<br>          Defendants.                     ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, currently an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

**PENDING MOTIONS**

At the outset, the Court will address three pending motions. First is Plaintiff's motion for a status hearing (Doc. 8), but a hearing is not yet warranted in this action. Therefore, this motion is **DENIED**.

Second is Plaintiff's motion for default judgment (Doc. 10). However, as Defendants have

not yet been served in this action, a default judgment is not warranted, and this motion is also **DENIED**.

Third is Plaintiff's motion for appointment of counsel (Doc. 9). There are five factors which a district court should consider in ruling on a request to appoint counsel. Those factors are (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the Complaint. *See Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983), *cert. denied*, 464 U.S. 986 (1983); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982); *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981); *Wilson v. Duckworth*, 716 F.2d 415 (7th Cir. 1983).

When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted, and the motion for appointment of counsel is **DENIED**.

## AMENDED COMPLAINT

This case is now before the Court for a preliminary review of the amended complaint (Doc. 7) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

>   (1) is frivolous, malicious, or fails to state a claim on which relief
>   may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such
>   relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the amended complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are frivolous and thus subject to summary dismissal.

In this action, Plaintiff claims that he has been subjected to religious persecution by I.D.O.C. employees at Menard, at the direction of Defendants Snyder, Maue, Spiller and Walls. Plaintiff states that he is a practitioner of the Rastafarian faith.[1] As part of his religious observance, Plaintiff wears his hair in dreadlocks. According to a Department memorandum from Defendant Maue dated September 1, 2000 (attached as an exhibit to the amended complaint), "at no time will Disciplinary Segregation status inmates be permitted outside their cells without the removal of their hair braids or dreadlocks." For reasons apparently irrelevant to this action, Plaintiff was confined to the disciplinary segregation unit at Menard, beginning in early 2002. Because he refused to remove, or undo, his dreadlocks in compliance with Department policy, he received a series of disciplinary

---

[1] "The Rastafarians are a religious sect that originated among black people in Jamaica but that has adherents among American blacks as well. Its tenets (well described in the Georgetown Law Journal note and confirmed by the record in this case), most of which are derived by interpretation of passages in the Bible, are that Haile Selassie, the deposed emperor of Ethiopia who died in 1975, is God and that Marcus Garvey (the Pan-African leader of Jamaican extraction) is his Prophet; that Ethiopia is heaven, and Jamaica hell; that the Rastafarians are the reincarnation of the ancient Israelites, and are the chosen people; that men should not shave, cut, or comb their hair (hence the "dreadlocks," which apparently are the natural result of letting one's hair grow wild); that black people are superior to white people and are destined eventually to rule the earth; that marijuana is a holy herb; and that meat should not be eaten."

*Reed v. Faulkner*, 842 F.2d 960, 962 (7th Cir. 1988).

tickets from Jines, Conway, Hoskin, Sizemore, Colvis, Jaenke, Campbell, Frazier, Hood and Spiller.[2] Ironically, each of these tickets resulted in more time spent in disciplinary segregation, perhaps creating an unending cycle.

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)). Such interests include inmate security and the proper allocation of limited prison resources. *See id.* at 348, 352-53; *Turner,* 482 U.S. at 90; *Al-Alamin,* 926 F.2d at 686.

Plaintiff argues that the policy is question is not reasonably related to security issues, as there are other, less restrictive ways in which an inmate with dreadlocks can be searched for contraband. At this point in the litigation, the Court cannot make a determination as to the validity of Plaintiff's argument. Therefore, at this time, the Court is unable to dismiss the claims against Snyder, Maue, Spiller, Walls, Jines, Conway, Hoskin, Sizemore, Colvis, Jaenke, Campbell, and Frazier. *See* 28 U.S.C. § 1915A.

On the other hand, Plaintiff lists Minh T. Scott, Kay A. Surman, Andrew Wilson, Robert A. Bigas, Mavis Gross and Donna Ebers as defendants in the caption of his amended complaint, but the statement of claim does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v.*

---

[2] C/O Hood is not listed as a defendant in the caption or the jurisdictional portion of the amended complaint; therefore, the Court does not consider Hood to be a party to this action.

*Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, these Defendants are dismissed from this action with prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that Defendants **SCOTT, SURMAN, WILSON, BIGAS, GROSS** and **EBERS** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **SNYDER, MAUE, SPILLER, WALLS, JINES, CONWAY, HOSKIN, SIZEMORE, COLVIS, JAENKE, CAMPBELL** and **FRAZIER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **SNYDER, MAUE, SPILLER, WALLS, JINES, CONWAY, HOSKIN, SIZEMORE, COLVIS, JAENKE, CAMPBELL** and **FRAZIER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:** May 19, 2005.

/s/    David RHerndon
**DISTRICT JUDGE**