IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEON ROSE,**

**Plaintiff,**

**v.**

**DONALD N. SNYDER JR.,
JONATHAN R. WALLS, TOM MAUE,
STEPHEN L. JINES, BILLY J. CONWAY,
C. HOSKIN, MARK S. CLOVIS, ROBERT
J. SIZEMORE, JEFFREY A. JAENKE,
DOUGLAS W. CAMPBELL, JAMISON
L. FRAZIER, and WILLIAM SPILLER,**

**Defendants.**                                                         No. 06-102-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

On November 24, 2003, Keon Rose, an inmate housed at the Stateville Correctional Center, filed suit against Defendants for deprivations of his consitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). Thereafter, he filed an Amended Complaint on May 24, 2004 (Doc. 7). Plaintiff claims that he has been subject to religious prosecution by the Illinois Department of Corrections' employees while house at Menard Correctional Center. Specifically, Rose contends that he is a member of the Rastafarian faith and the he wore his hair in dreadlocks in observance of his religious faith. Rose contends that because he refused to remove or undo his dreadlocks in compliance with Department policy, he received a series of disciplinary tickets and as a result spent more time in segregation. Rose also alleges that he was

eventually required to cut his hair in 2002. On May 19, 2005, the Court conducted its preliminary review of Rose Amended Complaint pursuant to 28 U.S.C. § 1915A (Doc. 11). The Court construed Rose's Amended Complaint as raising a free exercise claim under the First Amendment.

Pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Judge Clifford J. Proud submitted a Report and Recommendation ("the Report") on February 2, 2007 (Doc. 44). The Report recommends that the Court grant Defendants' motion for summary judgment (Doc. 35). Specifically, the Report recommends granting summary judgment as the Department's "grooming policy is reasonably related to a legitimate penological interest." (Doc. 44, p. 7).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. To date, Plaintiff filed objections to the Report (Doc. 46) and Defendants filed a response to Plaintiff's objection (Doc. 47). Since timely objections have been filed, this Court must undertake *de novo* review of the Report. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II. Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c)**; ***Wyatt v. UNUM Life Insurance Company of America*, 223 F.3d 543, 545 (7th Cir. 2000)**; ***Oates v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997)**; ***See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))**.  The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Wollin v. Gondert*, 192 F.3d 616, 621-22 (7th Cir. 1999)**.  The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. ***Schneiker v. Fortis Insurance Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000)**; ***Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999)**.

In response to a motion for summary judgment, the non-movant may not simply rest upon the allegations in his pleadings. ***Smith v. Sheahan*, 189 F.3d 529, 532 (7th Cir. 1999)**.  Rather, the non-moving party must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. ***Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997)**; ***Celotex*, 477 U.S. at 324.**  In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***EEOC v. Sears, Robuck & Co.*, 233 F.3d 432, 436 (7th Cir. 2000)**.

### III.  Analysis

Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." **Al-Alamin v. Gramley, 926 F.2d 680, 686 (7th Cir.1991)**. A prison regulation or policy that might otherwise unconstitutionally impinge on an inmate's First Amendment rights will survive a challenge if it is reasonably related to legitimate penological interests. **See Turner v. Safley, 482 U.S. 78, 89 (1987) and O'Lone v. Estate of Shabazz, 482 U.S. 342, 353(1987)**. Several factors are relevant to evaluating the reasonableness of a prison regulation impacting First Amendment rights:

> (1) whether a valid, rational connection exists between the regulation and a legitimate government interest behind the rule:
> (2) whether there are alternative means of exercising the right in question that remain available to prisoners;
> (3) the impact accommodation of the asserted constitutional right would have guards and other inmates and on allocation of prison resources; and
> (4) although the regulation need not satisfy a least restrictive alternative test, the existence of obvious, easy alternatives may be evidence that the regulation is not reasonable.

**Al-Alamin, 926 F.2d at 685 (quoting Williams v. Lane, 851 F.2d 867, 877 (7th Cir. 1988))**. Under this constitutional analysis, a standard of reasonableness applies to permit prison administrators "'to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration[,]' and thereby prevent unnecessary federal court involvement in the administration of

prisons." ***Id.* (quoting *Turner*, 482 U.S. at 89)**. However, "a reasonableness standard is not toothless." ***Abbott v. Thornburgh*, 490 U.S. 401, 411 (1989)**.

The Court notes that it is hard to ascertain from Rose's objections exactly what his objections are.[1] A review of the objections reveals that Rose is objecting generally to Judge Proud's Report. The objections, 1 through 8, with the exception of objection #4 merely state that he objects to certain paragraphs of the Report and give no reason for the objection.[2] For example one of Rose's objections states: "(1). OBJECTION: TO PARAGRAPH (2) PAGE (2)." (Doc. 46, p. 1).

The Court finds that Rose is generally objecting to the Report in his objections. **Local Rule 73.1(b)** provides that written objections "shall specifically identify the portions of the . . . recommendations or reports to which objection is made and the basis for such objections." Rose's objections merely take umbrage with Magistrate Judge Proud's Report. His objections and reasoning fall short of what is required under **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b)**. ***See Esposito v. Piatrowski*, 223 F.3d 497, 502 (7th Cir. 2000)**. Therefore, pursuant to **28 U.S.C. § 636(b)(1)**, the Court need not conduct *de novo* review of the general objections. ***Thomas v. Arn*, 474 U.S. 140 (1985)**.

Furthermore, based on the record before the Court, the Court finds that Defendants have presented a legitimate penoligical interest in cutting Rose's

---

[1] Rose does not cite any facts, case law or statutes to support his objections.

[2] Objection # 4 states that the allegations in Walls' affidavit are misleading.

dreadlocks and that interest was to maintain prison security for inmates, staff and visitors. Walls' affidavit describes in detail the safety and security risks posed by some hairstyles. Rose did not challenge these risks. Moreover, Rose can still practice the Rastafarian religion without the dreadlocks. He testified that there is nothing in the Rastafarian religion which says that you are no longer a member if your hair is cut. (Doc. 26, Exhibit A. P. 14). The Court concludes that Rose's First Amendment rights to practice his religion were not violated by the grooming policy at Menard Correctional Center.

### IV.  Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 44). The Court **GRANTS** Defendants' motion for summary judgment (Doc. 35). The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Defendants Donald Snyder Jr., Jonathan R. Walls, Tom Maue, William Spiller, Stephen L. Jines, Nilly J. Conway, C. Hoskin, Mark S. Colvis, Robert J. Sizemore, Jeffrey A. Jaenke, Douglas W. Campell, and Jameson L. Frazier and against Keon Rose.

**IT IS SO ORDERED.**

Signed this day 27th of February, 2007.

/s/     David   RHerndon
**United States District Judge**